# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JUDITH MILLS,

    Plaintiff,

v.                                                                No. CIV 05-151 MCA/LFG

SOUTHWEST INNKEEPERS, INC., d/b/a
BEST WESTERN SALLY PORT INN & SUITES,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

### Introduction

THIS MATTER is before the Court on Defendant Southwest Innkeepers, Inc., d/b/a Best Western Sally Port Inn & Suites' ("Defendant") Motion for Discovery Sanctions, filed March 9, 2006. [Doc. No. 42.] Plaintiff Judith Mills ("Mills") filed a response and affidavit on March 20, 2006. [Doc. No. 44.] Defendant's time to file a reply has not yet elapsed, as the reply is due no later than April 6, 2006.[1] Defendant specifically seeks dismissal of this case[2] as a sanction for discovery abuses, including alleged material misrepresentations by Mills regarding her physical condition, which is at issue in the personal injury litigation. No other lesser sanctions are requested by Defendant.

---

[1] The Court does not await Defendant's reply before resolving this matter because of the fast-approaching deadlines in this case, i.e., the April 4, 2006 Pre-Trial Conference and May 9, 2006 Bench Trial. [*See* Doc. No. 41.]

[2] Even if the Court were inclined to grant Defendant's request to dismiss this case, a report and recommendation under 28 U.S.C. § 636 would be required due to the case dispositive nature of that result. However, because the Court denies the motion for dismissal, the Court's resolution of this discovery matter falls within the authority of the referred magistrate judge.

1

After careful consideration of the pleadings and pertinent case law, the Court concludes that Defendant's request for discovery sanctions or dismissal of this case will be denied.

## Procedural History

Mills' complaint for personal injuries alleges that on July 1, 2002, while a guest at Defendant's hotel, Mills sustained injuries to her back in an attempt to avoid a fall after slipping on the floor in front of Defendant's breakfast buffet tables. [Doc. No. 1.] Mills contends that she required medical attention for the severe injuries she sustained on July 1, 2002 and that she will continue to need medical care for those injuries. She further claims that she as a result of Defendant's negligence, she suffered the loss of household services, recreational activities, and loss of enjoyment of life. [Doc. No. 1.] According to Defendant, Mills alleges that the injuries prevented her from returning to her career as an instructor in Pilates, yoga, dance and other forms of exercise. Mills seeks compensatory and punitive damages. [Doc. Nos. 1, 30.]

On January 17, 2006, Mills was deposed. She submitted a witness signature and correction page to her deposition (with minor changes) that was received on February 27, 2006. Defendant asserts that her allegations, statements and deposition testimony contain inconsistencies, omissions and contradictions that warrant discovery sanctions.

## Defendant's Motion

Defendant provides the following examples of alleged inconsistencies in testimony or misrepresentations by Mills. During her deposition, Mills testified that had not suffered any falls or accidents that resulted in injuries. She provided the same or a similar answer in written discovery. In contrast, Mill's dental record, dated March 6, 2002, contains a hand-written notation stating: "Pt was in major auto accident 1½ yrs prior. Exam - joint and neck pain – moderate and heavy . . . ."

2

[Doc. No. 42, Ex. D.] This dental examination occurred about four months before the July 2002 accident. In addition, a medical record, dated January 13, 2000 contains a somewhat ambiguous notation that Mills suffered from right wrist pain for three months and "did fall with extension." [Ex. F.]

Mills also testified at her deposition that she had not suffered any back pain prior to the July 2002 accident other than on one occasion "for two days." [Doc. No. 42, Ex. A, p. 29.] The examining attorney apparently did not follow up when that prior problem with Mills' back occurred, or at least no such evidence was presented to the Court. Defendant claims this testimony is contrary to a January 18, 1999 medical record that indicates Mills saw her doctor specifically to get relief from back pain "localized in the lumbosacral area" of the spine and that she received trigger point injections for treatment of her back pain then. [Doc. No. 42, Ex. E.] However, it could be that this 1999 visit was the occasion to which Mills referred in her deposition.

In addition, in response to written discovery requests as to whether Mills had ever suffered neck pain before the July 2002 accident, Mills stated "no." Yet, Defendant points to a medical record, dated April 19, 2001, noting that Mills complained of "neck problems" and that she had had an ultrasound "to break down the hardness around her neck." However, it is not entirely clear from the cursory medical record what the "hardness around her neck" was or whether her "neck problems" were painful.

Defendant asserts that another misrepresentation by Mills concerns an issue of damages in relation to Mills' stated weight. In initial disclosures, Mills claimed she was entitled to damages for permanent disfigurement. In response to deposition questions regarding this claim, Mills testified that the permanent disfigurement consisted of a "large weight gain." She also testified that she could not

3

stand up straight and that her body did not "move nicely anymore." [Doc. No. 42, Ex. A, p. 63.] Medical records attached by Defendant indicate that Mills' weight varied from about 170-177 pounds both before and after the July 2002 accident. Thus, Defendant argues that Mills misrepresented any claim for damages regarding "permanent disfigurement" from weight gain.

Based on these inconsistencies or alleged misrepresentations, Defendant seeks dismissal of Mills' case. Mills responds by arguing that any inconsistencies between Mills' testimony and the medical records may be explored through cross-examination of the witness at trial. In addition, Mills asserts that Defendant unjustifiably accuses Mills of being dishonest and that Mills should be awarded sanctions so as to deter Defendant from engaging in this type of motion practice. [Doc. No. 44.]

## Discussion

Based on the allegations and evidence presented, the Court does not find that Mills made misrepresentations sufficient to justify dismissal of her case or to warrant other sanctions for discovery abuses. The single notation in a dental record by an unidentified person is not conclusive evidence that Mills had another auto accident in 1990, although Defendant is free to inquire into all possible prior accidents during trial. Moreover, the medical records relied upon by Defendant are not without ambiguity regarding possible prior falls or accidents. It is true that Mills may have inflated her claim regarding a significant weight gain, but she also testified about other alleged disfigurement, even if such testimony might not be compelling at the end of the day.

Contrary to Defendant's position, this is not a situation like that faced by the Tenth Circuit in Archibeque v. Atchison, Topeka and Santa Fe Railway Co., 70 F.3d 1172 (10th Cir. 1995). In Archibeque, the defendant located documentation that the plaintiff had sought treatment for a variety of lower back ailments and related problems from six physicians on over fifteen occasions,

4

notwithstanding her testimony that she had not had any lower back x-rays and had no recollection of lower back pain before the 1990 accident at issue. Id. at 1173. In Archibeque, there were medical records from 1980 to 1984 indicating the plaintiff had complained of "constant pain" in her lower back area and that she had x-rays of her lower back in 1984. Id. at 1174. In that case, the district court concluded that the plaintiff's failure to disclose her numerous complaints and treatments as to her lower back condition could not be considered "mere oversight." Id. Thus, the trial court concluded that the plaintiff's actions "irreparably prejudiced" the defendant in its preparation of the case and that her conduct "seriously interfered with the judicial process."

Those facts are easily distinguishable from the scenario presented in this case. Here, Defendant has only a few ambiguous medical records indicating that Mills *may* have suffered prior accidents, falls or injuries. These records do not supply clear evidence that Mills consistently or repeatedly gave false testimony under oath or that she engaged in "willful deceit." *Compare* Curleyhair v. Grand Rapids Transport, Inc., et al., No. CIV 03-234 JP/LFG [Doc. No. 97] (D.N.M. Apr. 6, 2004) (recommending dismissal where the evidence established that the plaintiffs provided false testimony repeatedly about multiple prior serious accidents and injuries suffered by Mr. Curleyhair and where plaintiff provided false or incomplete testimony regarding whether intoxication or alcohol abuse was related to those many prior accidents and injuries).[3]

---

[3] The undersigned magistrate judge observes that even under the clearly more egregious circumstances presented in Curleyhair, the District Court elected to impose a lesser sanction than dismissal. Curleyhair, No. CIV 03-234 JP/LFG [Doc. No. 133] (D.N.M. July 15, 2004).

Moreover, in this case, Plaintiff's deposition was not taken until January 2006, two months after discovery had closed.[4] [*See* Doc. No. 10.]  It is reasonable to conclude (and Defendant has not argued or demonstrated otherwise) that Defendant possessed all of the pertinent medical and dental records, along with Mills' prior discovery responses [*see* Doc. No. 14], before Mills was deposed. Thus, during the deposition, Defendant could have fully probed Mills about any contradictory or inconsistent testimony, based on conflicting medical record evidence.  Under these circumstances, the fact that Defendant now presents so little compelling evidence of alleged misrepresentations convinces the Court that discovery sanctions are not warranted.

In addition, the Court is unpersuaded that Defendant suffered any "actual prejudice" when it should have been fully prepared by January 2006 to ask Plaintiff in detail about any inconsistent testimony, evidence, or medical records.  Moreover, under these circumstances, Defendant had ample time to ensure that it had complete documentation of Mills' relevant medical history with respect to the claims asserted.  *See* Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (setting forth facts to consider when determining propriety of dismissal).

## Conclusion

The Court denies both Defendant's motion for discovery sanctions and Plaintiff's request that Defendant be sanctioned for filing the motion.

---

[4] Defendant waited until after the close of discovery and after the unsuccessful settlement conference before requesting an extension of discovery so that Plaintiff's deposition could be taken.  Litigation tactics such as these are risky, particularly because the Court need not have granted the request.  Had Defendant promptly taken Plaintiff's deposition, Defendant would have had ample time to explore the inconsistencies between Plaintiff's claims and her medical records.

IT IS THEREFORE ORDERED that Defendant's Motion for Discovery Sanctions [Doc. No. 42] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge