IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH MILLS,

          Plaintiff,

v.                                         CIV 05-151 MCA/LFG

SOUTHWEST INNKEEPERS, INC., d/b/a
BEST WESTERN SALLY PORT INN & SUITES,

          Defendant.

## DEFENDANT'S REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Defendant Southwest Innkeepers, Inc. and hereby requests that the Court enter the following findings of fact and conclusions of law upon the completion of the trial of this matter.

## REQUESTED FINDINGS OF FACT

1.      The Court has jurisdiction over the subject matter of and the parties to this litigation.

2.      Plaintiff Judith Mills was a lodger at the Best Western Sally Port Inn and Suites ("Sally Port Inn") on July 1, 2002.

3.      Defendant Southwest Innkeepers, Inc. ("Southwest Innkeepers") owns the Sally Port Inn.

4.      At approximately 8:00 a.m. on July 1, 2002, Plaintiff and her daughter went to the Sally Port Inn's on-site restaurant for breakfast, which was set-up as a buffet.

5.      Plaintiff slipped but caught herself before falling to the ground.

6.      Plaintiff slipped on greasy food residue.

7.   Plaintiff did not slip as a result of a water leak.

8.   The Sally Port Inn, however, experienced a water leak in the restaurant ceiling earlier that summer.

9.   Upon being informed of the leak, management assigned Frank De La O, the chief engineer to repair the leak, and Mr. De La O completed the repairs before Plaintiff's slip incident.

10.   Plaintiff's total medical bills since the slip on July 1, 2002, and which Plaintiff attributes to the slip, are less than $8,468.59.

11.   Plaintiff had a history of chronic disc disease prior to the slip on July 1, 2002.

12.   Plaintiff's current back problems are related to the chronic disc disease.

13.   Plaintiff has chosen not to attempt surgical repair of her back injury but instead use yoga and exercise to maintain her physical condition.

14.   Plaintiff suffered from depression prior to her July 2002 slip.

15.   Plaintiff did not have a significant weight gain following the incident on July 1, 2002.

16.   Plaintiff purchased $8,109.90 in exercise equipment in early 2002 but made no effort to resell that equipment after her slip in July of 2002.

17.   Plaintiff had the following yearly income from Body Balance Method before the slip on July 1, 2002.

1999 = 5,042

18.   Plaintiff had the following yearly incomes from her job at Oakland University through 2002:

1999 = $ 3,815.00

2000 = $ 3,332.50

2001 = $ 4,433.00

2002 = $ 2,490.00

19.     Plaintiff had the following gross and net incomes from her pilates and yoga business through 2002:

| 1999 | Gross Income = $1,760.00 | Net Income = - $ 1,515.00 |
| 2000 | Gross Income = $ 9,040 | Net Income = $ 3,818.00 |
| 2001 | Gross Income = $10,425 | Net Income = $6,029.00 |
| 2002 | Gross Income = $6,730 | Net Income = $ 732.00 |

## REQUESTED CONCLUSIONS OF LAW

1.      The Court has jurisdiction over the subject matter and the parties.

2.      Plaintiff failed to prove by a preponderance of the evidence that her chronic disc disease was aggravated by the slip incident at issue in this case.

3.      Plaintiff's ongoing medical problems and virtually all of her medical bills and pain and suffering are a result of the progression of Plaintiff's chronic degenerative disc disease rather than the slip at issue in this case.

4.      Plaintiff's depression and other mood disorders were not aggravated by the slip at issue in this case, and to the extent Plaintiff suffered from increased depression or other forms of mental anguish it was a result of the progression of her chronic degenerative disc disease.

5.      Plaintiff has not suffered disfigurement due to weight gain stemming from the July 2002 incident and therefore is not entitled to an award on that basis.

6. Plaintiff's lost income claim was a result of the chronic degenerative back disease rather than the slip at issue here.

7. To the extent that Plaintiff suffered a reduction in her earnings, that reduction is a result of the progression of her chronic disc disease.

8. To the extent that Plaintiff suffered a loss of enjoyment of life, that loss was the result of the progression of her chronic degenerative disc disease rather than the slip relevant to this case.

9. Therefore Defendant is not entitled to an award of damages in this matter.

10. Plaintiff's net lost income as a result of her chronic degenerative disc disease, as an average of the last three years of income, totaled $8318.00.

11. Plaintiff has not mitigated her damages by finding new employment or seeking education or vocational training for a new career that would offset her lost income.

12. Plaintiff has not mitigated her damages and impact her back problems have on her life by not electing to attempt surgical repair of her back.

13. Plaintiff has not mitigated her damages by selling the exercise equipment she purchased for her business in early 2002 once it became clear that she would not be making use of that equipment.

14. Therefore, Plaintiff is not entitled to special damages for that equipment.

15. Plaintiff failed to prove her damages claim by a preponderance of the evidence for lost potential profits from the expansion of her Smartbodies business because the evidence was speculative.

16. Therefore, Plaintiff is not entitled to an award of damages based on the potential future income from the expansion of her Smartbodies business.

4

17. Defendant was comparatively negligent for her slip and thus any damages award should be reduced accordingly.

18. Defendant's actions were not willful, wanton, reckless or done with some other form of a culpable mental state.

19. Defendant made reasonable efforts to repair the water leak in the ceiling, and the leak was repaired before Plaintiff's slip incident.

20. Therefore, Plaintiff failed to prove her claim for punitive damages.

21. Defendant is entitled to an award of costs based on its offer of judgment. Defendant is directed to submit a cost bill within ten (10) days of the entry of these Findings of Fact and Conclusions of Law.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
    Seth L. Sparks
    Carmela D. Starace
Attorneys for Defendant
P.O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900

We hereby certify that a true and
correct copy of the foregoing pleading
was mailed to opposing counsel of
record this 4th day of May, 2006.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
   Seth L. Sparks